```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MISSOURI
                          EASTERN DIVISION
```

HANEEF MAJEED,                        )
                                      )
    Movant,                          )
                                      )
  vs.                                 )       Case No. 4:06CV552 CDP
                                      )
UNITED STATES OF AMERICA,             )
                                      )
    Respondent.                      )

## MEMORANDUM AND ORDER

Haneef Majeed seeks to vacate, set aside or correct his sentence under 28 U.S.C. § 2255. Majeed was convicted by a jury of four counts of bank fraud and sentenced on November 21, 2003 to 30 months' imprisonment to be followed by five years' supervised release. Case No. 4:02CR495 CDP (E. D. Mo.). He did not appeal. After he had served most of his sentence, the Bureau of Prisons placed him in a half-way house in February of 2005; he began his term of supervised release in August of 2005. He filed this § 2255 motion on March 31, 2006.

Almost immediately upon being released to the half-way house, Majeed began participating in a conspiracy to possess and distribute cocaine and cocaine base. He ultimately pleaded guilty to a new charge and was sentenced to 168 months' imprisonment on that case on January 17, 2008. Case No. 4:06CR507 CAS. Majeed was considered the most culpable in that conspiracy, according to

the Presentence Report, to which he did not object. (Docket # 212 in Case No. 4:06CR507 CAS). I revoked his supervised release in this case (based on the new criminal conduct) and sentenced him to 24 months' imprisonment on September 22, 2006.

As grounds for relief under § 2255, Majeed claims that his counsel was ineffective for failing to pursue an appeal on his behalf and that counsel failed to adequately represent him after conviction.

The government argues that the § 2255 motion is barred because it was filed more than one year after Majeed's conviction became final. Majeed argues that the motion is not untimely because he did not learn that counsel had not filed an appeal until early 2006, when two co-defendants' convictions were reversed by the Court of Appeals. I agree with the government's position, and will dismiss the motion as untimely filed.

**Background**

Haneef Majeed was one of eleven defendants charged in a multi-count indictment relating to bank and real estate fraud. He exercised his right to trial and was convicted by a jury on September 4, 2003. After the conviction, the government sought to revoke his bond because he had attempted to obstruct justice by seeking to have a co-defendant, Martay Love, testify falsely at Majeed's

trial. The government produced tape recorded conversations between Love (who was incarcerated) and Majeed discussing these events. As part of the discussions, Majeed offered to pay Love $3500 to testify falsely. Love did provide a false affidavit, although it was not introduced at Majeed's trial, and Majeed's counsel, upon learning of the tape recordings, chose not to call Love as a witness. Two levels were added to Majeed's offense level under § 3C1.1 as a result of this obstruction of justice. At the sentencing hearing, Majeed's counsel stated:

> And just to make the record clear, I have talked to Mr. Majeed about – obviously he was present for the bond hearing where evidence was adduced, and I have told him of letters by Martay Love that have come to the Court's attention and to the Government's attention and to my attention, and what they contain, and after the discussions and weighing all the possibilities, we have decided not to object to any of those – to the two-point increase for obstruction of justice, which originally I discussed with the probation officer as having a possible objection to before I was aware of this other development.

Majeed acknowledged that he agreed with this decision. Defense counsel then stated:

> Your Honor, I have spoken to Mr. Majeed, and he has indicated to certainly that *he has accepted the finding of the jury,* and also the finding of the Presentence Report in terms of his sentence, and I think that – *and he has also indicated to me that he has no intention to appeal,* and I think that all this sort of indicates to me that Mr. Majeed has taken the first step, and that is accepted responsibility for things that he did, and *in not trying to continue, I guess, relentlessly pursuing appeals* and things like that that are specious.

Immediately after counsel finished that statement, I asked Majeed if he wished to make any statements and he answered, "No ma'am."

The co-defendants with whom Majeed was convicted appealed their convictions and sentences, and the convictions were reversed. <u>United States v. Staples</u>, 435 F.3d 860, 865-868 (8th Cir. 2006). Majeed filed this action two months after that decision. He acknowledges that the motion was filed more than a year after the deadline set by the statute for filing a § 2255 motion, but argues that the delay should be excused under the equitable tolling doctrine.

## Discussion

Title 28 U.S.C. § 2255 contains a one-year period of limitations. In most cases, the one-year period begins on "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(1). As noted above, Majeed was sentenced on November 24, 2003. Because he did not appeal his conviction or sentence, his conviction became final ten days later, or on December 4, 2003. He thus had until December 4, 2004 to file his § 2255 motion. The motion was not filed until March 31, 2006, more than fifteen months late.

The Eighth Circuit Court of Appeals has recognized that the doctrine of equitable tolling applies to the one-year limitations period in § 2255. <u>See</u> <u>United States v. Martin</u>, 408 F.3d 1089 (8th Cir. 2005). Equitable tolling only applies

where extraordinary circumstances beyond a prisoner's control prevent timely filing, and where the prisoner has exercised due diligence in pursuing the matter. Id. Negligence or mistake of counsel is normally not sufficient to invoke the doctrine; rather, there must be serious misconduct. Id.

Majeed says he did not learn that no appeal had been filed until shortly after the Court of Appeals ruled in the co-defendant's case, but he does not explain how he learned of it, nor does he explain anything he did that would constitute due diligence. He complains that he had little contact with his counsel, but given the discussion at the sentencing hearing, where he heard his counsel state that he had accepted the jury decision, had decided to change his life, and did not want to "continue relentlessly filing appeals," there is no reason to believe that he would need to have contact with counsel. There is nothing ambiguous about a statement that "he has indicated he does not intend to appeal." If Majeed did not agree with that statement, he had several opportunities at the sentencing hearing to say so, yet he said nothing.

Majeed's initial motion, although filed by counsel,[1] is verified. His says only that he "was under the distinct impression" that an appeal had been filed. In

---

[1] The lawyer who represents Majeed on this § 2255 motion also represented him in the new criminal proceedings. Interestingly, he also represented one of the co-defendants' whose appeal was successful in the original underlying criminal case.

the reply brief filed by counsel (which is not verified), counsel argues that when Majeed heard his trial counsel say he had decided not to appeal, he believed counsel was only talking about appealing the obstruction of justice enhancement to the sentence. That argument, however, ignores the fact that counsel also said Majeed had "accepted the finding of the jury." This is a far different fact scenario from that presented in <u>Martin</u>, where the movant made repeated attempts to contact his lawyer and where the lawyer actually lied, repeatedly, to the movant and his family about the filing of the § 2255 motion.

Equitable tolling requires that the defendant exercise due diligence. Here there is nothing to indicate any type of diligence on Majeed's part. Counsel argues that Majeed learned that the co-defendants' appeal had been successful "shortly after" his release from prison. But he filed this motion seven months after he began his term in the half-way house, so that also does not sound like due diligence. Majeed has pointed to nothing that he did while in prison to verify that his appeal had been filed. He could have easily inquired with the court. During the one year limitations period Majeed was paying some restitution and various documents were served on him or sent to him at his prison location regarding the government's attempts to collect restitution. See, for example, docket # 647, # 652 in Case No. 4:02CR495 CDP. Nothing prohibited him from making

reasonable inquiries, if he really believed an appeal had been filed. Yet there is no evidence that Majeed did anything at all, either while he was in jail or even after he was released to the half-way house to determine whether a notice of appeal had been filed.

Finally, Majeed cites to United States v. Watson, 493 F.3d 960 (8th Cir. 2007), for the proposition that the court must hold an evidentiary hearing to determine whether counsel failed to follow a client's direction to file a notice of appeal, even in the absence of a showing of prejudice. But that is the question presented by the merits of the § 2255 motion, and this is an untimely motion. Before I consider the merits I must first decide that equitable tolling is appropriate. Under all the circumstances here, I find that it is not.

Due diligence requires that a person actual do *something*. Majeed has shown nothing that he has done that would constitute due diligence. I find that Majeed's lack of diligence is a sufficient reason, by itself, to deny the application of equitable tolling to allow the late filing of this § 2255 motion. I also note, however, that one who comes to court seeking to benefit from an *equitable* doctrine surely has some duty to show that he is without fault. Majeed was running a new drug conspiracy at the time he should have been exercising due diligence in this case. Under all the circumstances, I see no reason in the law or

under the interests of justice to allow the filing of a § 2255 motion that is fifteen months late.

Accordingly,

**IT IS HEREBY ORDERED** that the motion of Haneef Majeed to vacate, correct or set aside sentence [#1] is dismissed as untimely filed.

**IT IS FURTHER ORDERED** that this Court will not issue a certificate of appealability as movant has not made a substantial showing of the denial of a federal constitutional right.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 23rd day of June, 2008.